UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20223-CMA-4/Reid

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

YAN DAVID SALAZAR QUINTERO,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** is before the Court upon the Honorable Cecilia M. Altonaga's Order of Referral [ECF No. 140], to conduct a Change of Plea Hearing for Defendant Yan David Salazar Quintero. The Court having conducted the Change of Plea Hearing on February 26, 2025, to determine whether Defendant has knowingly and voluntarily entered a guilty plea, **RECOMMENDS** that Defendant's change of plea be accepted for the following reasons:

    1.    The Court convened a hearing to permit Defendant to enter a change of plea. At the outset of the hearing, Defendant was advised of his right to have these proceedings conducted by the district judge assigned to his case. Additionally, it was explained that the district judge assigned to this case would be the sentencing judge and conduct the sentencing hearing and would make all findings and rulings concerning Defendant's sentence and decide whether to accept the Government's recommendations as to sentencing.

    2.    Defendant was informed that he did not have to permit a federal magistrate judge to conduct the Change of Plea Hearing and could request that the Change of Plea Hearing be

conducted by the district judge assigned to the case. Defendant, his attorney, and the Government all consented on the record to the Undersigned conducting the hearing.

3. Further, the Undersigned inquired into whether Defendant had ever been treated for mental health or addiction issues, and whether he was under the influence of any prescribed or proscribed substances at the time of the Hearing. He denied any mental health or addiction issues and stated he was able to fully understand the proceedings. Based on Defendant's responses to these inquires, the Court determined Defendant was competent and able to fully understand the proceedings.

4. The Court conducted a plea colloquy in accordance with Fed. R. Crim. P. 11.

5. The parties have entered into a written plea agreement in this case. The Undersigned reviewed the plea agreement on the record and Defendant acknowledged on the record that he had signed and understood it.

6. Defendant pleaded guilty to Counts 1 and 2 of the Indictment, which charges Defendant with conspiracy to distribute more than five kilograms of cocaine knowing it would be imported into the United States, in violation of Title 21, United States Code, Sections 959(a), 963.

7. The Government stated on the record a factual basis for the entry of the plea that included all essential elements of the offense to which Defendant is pleading guilty and any sentencing enhancement and/or aggravating factors that may be applicable. Specifically, the Court reviewed with Defendant the Government's factual proffer, to assure that a factual basis for the entry of the plea exists. Defendant assented to the accuracy of the proffer and acknowledged his participation in the offense.

8. Defendant agreed that the quantity of drugs involved in the offense was 731.58 kilograms of cocaine.

9. Further, the Court reviewed with Defendant the possible maximum penalties for the charged offense. Defendant acknowledged that he understood these possible penalties. Defendant was advised that the Court may impose a statutory maximum term of life imprisonment, and life-long supervised release. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $10,000,000. Defendant understood and acknowledged that, in addition to any sentence imposed, a special assessment in the amount of $100 will be imposed. Defendant agreed that any special assessment imposed shall be paid at the time of sentencing.

10. Defendant agreed to the entry of a forfeiture money judgment against him at the time of sentencing, which he agreed is a sum of money equal in value to property consisting or derived from proceeds obtained by him as a result of the violation to which he agreed to plead guilty, and the property used, or intended to be used to commit or facilitate the commission of such violations. Defendant knowingly and voluntarily agreed to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, Defendant agreed to waive any applicable time limits for administrative or judicial forfeiture proceedings, the requirement of Federal Rules of Criminal Procedure 32.2 and 43(a), and any appeal of the forfeiture.

11. Defendant acknowledged that he had reviewed the Indictment, discussed the charge against him with his attorney, and was satisfied with the legal representation he received, and had a full opportunity to discuss the facts of the case with his attorney.

12. Defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford Defendant the right to appeal his sentence. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, Defendant waived all rights conferred by Sections 1291 and 3742 to appeal any

sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. Defendant acknowledged that he had discussed the appeal waiver set forth in the plea agreement with his attorney. The Court finds that Defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above is knowing and voluntary.

13. Defendant recognized that pleading guilty may have consequences with respect to his immigration status if Defendant is not a United States citizen. Defendant affirmed that he still wanted to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is Defendant's automatic removal from the United States.

14. Based upon the foregoing and the plea colloquy conducted by the Court, it is recommended that Defendant be found to have freely and voluntarily pleaded guilty as to Counts 1 and 2 of the Indictment and that Defendant be adjudicated guilty of the offense charged.

15. A pre-sentence investigation report is being prepared. Sentencing will be set before District Judge Cecilia M. Altonaga.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Defendant's guilty plea be accepted, Defendant be adjudicated guilty as to Counts 1 and 2 of the Indictment to which he has entered a plea of guilty, and that a sentencing hearing be conducted for final disposition of this matter.

Objections to this Report may be filed with the district judge within **FIVE** days of receipt of a copy of the Report. Failure to timely file objections waives a party's right to review issues

related to Defendant's plea under Fed. R. Crim. P. 11 before the District Judge or the Court of Appeals. *See* Fed. R. Crim. P. 59(b)(1), (2); 11th Cir. R. 3-1; *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 26th day of February, 2025.

                                                          *[signature]*
                                         LISETTE M. REID
                                 UNITED STATES MAGISTRATE JUDGE

cc:   **United States District Judge Cecilia M. Altonaga;**

       **All Counsel of Record**